United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50842
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL FERNANDO MONARREZ-LOZANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:01-CR-1900-1
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Miguel Fernando Monarrez-Lozano (Monarrez) appeals his most recent sentence following his jury-trial convictions for conspiracy to import cocaine, importation of cocaine, conspiracy to possess cocaine with intent to distribute, and possession of cocaine with intent to distribute. He argues that, under <u>United States v. Booker</u>, 543 U.S. 220 (2005), his Sixth Amendment rights were violated when the district court sentenced him based on 3.9 kilograms of cocaine. He avers that the amount of drugs should

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have been limited to the amount found by the jury, i.e., 500 grams or more of cocaine.  Following <u>Booker</u>, this court still reviews the district court's application of the Sentencing Guidelines de novo and reviews factual findings for clear error. <u>See</u> <u>United States v. Villegas</u>, 404 F.3d 355, 359 (5th Cir. 2005); <u>United States v. Villanueva</u>, 408 F.3d 193, 203 & n.9 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 268 (2005).

Monarrez's argument is untenable.  Post-<u>Booker</u> "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence."  <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).

Moreover, the parties stipulated that the amount of drugs involved was 3.9 kilograms of cocaine.  That stipulated amount was recited in the presentence report.  Monarrez does not dispute that he entered into the stipulation.  Given that the amount was stipulated to and because Monarrez offered no evidence to rebut the presentence report's reliance on that amount in calculating his offense level, the district court did not clearly err in its finding of the drug quantity.  <u>See</u> <u>United States v. Caldwell</u>, 448 F.3d 287, 291 n.1 (5th Cir. 2006); <u>see</u> <u>also</u> <u>United States v. Holmes</u>, 406 F.3d 337, 364 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 375 (2005).  The judgment of the district court is AFFIRMED.